

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THEODORE HABIB AYOUB, | § | No. 08-15-00380-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20140D01797) |
| | § | |

## **O P I N I O N**

Theodore Habib Ayoub appeals the judgment revoking community supervision. We reform the judgment to reflect a sentence of six months' confinement, to run concurrently with Appellant's other cases, and affirm the judgment as so modified.

## FACTUAL SUMMARY

Appellant waived his right to a jury trial and entered a negotiated plea of guilty to possession of cocaine, a state jail felony. In accordance with the plea bargain, the trial court placed Appellant on community supervision for a term of two years. On July 1, 2015, Appellant entered a plea of guilty to two additional charges of state-jail-felony theft and one charge of injury to a child, a third-degree felony. The plea agreement in those cases required Appellant to serve six months in the state jail for the theft charges and two years for the injury to a child charge. At the conclusion of that hearing, the prosecutor announced that the State would be

filing motions to revoke in Appellant's other cases and would recommend a sentence of six months to run concurrent with all of the other cases, including the theft and injury to a child cases.

On August 13, 2015, the State filed a motion to revoke in the instant case, and Appellant entered a negotiated plea of true to the motion several months later. Without any objection from Appellant, the prosecutor announced the plea bargain as confinement for two years in the state jail, and the court sentenced Appellant in accordance with the plea bargain. Appellant subsequently filed a motion to withdraw his plea, or alternatively, to reform the judgment, asserting that the State's recommendation in this case did not comport with the parties' agreement of confinement for six months. He also filed a motion for judgment *nunc pro tunc* and an agreed motion to reform the judgment. The record does not reflect that Appellant requested a hearing on his motions, and the trial court did not rule on any of the motions.

## REFORMATION

In his sole issue, Appellant asserts that the trial court erred by not following the terms of the plea bargain announced on the record on July 1, 2015. He further alleges that the prosecutor committed prosecutorial misconduct by misrepresenting the plea bargain and his counsel was ineffective because he did not object to the misstatement of the plea bargain. The State responds that the limited appellate record does not support Appellant's claims of prosecutorial misconduct and ineffective assistance of counsel. At the same time, the State acknowledges that the prosecutor initially stated the plea bargain as confinement for six months, and after the revocation hearing, the prosecutor entered into an agreement with Appellant to reform the

sentence to six months' confinement. Due to the existence of this agreement with Appellant, the State does not oppose reformation of the judgment to reflect the original bargained-for sentence of six months. We therefore modify the judgment of the trial court to reflect a sentence of confinement in the state jail for six months to run concurrently with the other sentences. The judgment, as so modified, is affirmed.

August 31, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)